UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| Plaintiff/Respondent, § | |
| § | CRIMINAL ACTION NO. 6:12-58 |
| v. § | CIVIL ACTION NO. 6:14-38 |
| § | |
| JUAN CARLOS QUIJADA-LEON, § | |
| Defendant/Movant. § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Movant Juan Carlos Quijada-Leon's ("Movant") motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 27).[1] The United States of America (the "Government") filed a motion to dismiss (Dkt. No. 35), to which Movant did not respond.

### I. Background

On October 19, 2012, Movant pled guilty to Illegal Reentry in violation of 8 U.S.C. §§ 1326(a) and 1326(b). (Dkt. No. 12.) The Probation Department prepared Movant's Presentence Investigation Report (PSR), which calculated his offense level and criminal history points. (Dkt. No. 17.) Movant's PSR revealed that on December 1, 2009, he was convicted of a felony crime of violence, to wit: Engaging in Organized Criminal Activity, in the 183rd District Court, Harris County, Texas. (*Id.* ¶ 4.) Illegal Reentry carries a base offense level of 8, but a conviction for a prior crime of violence adds 16 points to the base offense pursuant to U.S.S.G. § 2L1.2(b)(1)(A). (*Id.* ¶¶ 11, 12.) After subtracting three levels for acceptance of responsibility, Movant's total offense level was 21. (*Id.* ¶¶ 16–20.) Movant's offense level, combined with a criminal history category of II, yielded a guideline range of 41–51 months.

---

1. All citations to the docket sheet refer to Criminal Case No. 6:12-58.

1

The Court ultimately sentenced Movant to 41 months in the custody of the Bureau of Prisons, no supervised release, and a $100 special assessment. (Dkt. No. 23.) Judgment was entered on February 6, 2013 and became final 14 days later on February 20, 2013—the last day Movant could have filed an appeal. (*Id.*)

Movant filed the instant § 2255 motion on May 30, 2014.[2]

## II. Movant's Claims

In his § 2255 motion, Movant complains that his counsel rendered ineffective assistance because he failed to file timely written objections to the PSR and failed to request application of the "Fast Track Program for a four level downward departure." (Dkt. No. 27 at 5.) Movant further claims that, because of counsel's deficient performance, the Court "failed to take into account mitigating factors under 18 U.S.C. § 3553(a) . . . ." (*Id.* at 6.)

## III. Legal Standard

### A. Grounds for Filing a § 2255 Motion

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

---

2. Movant certified that he delivered his motion to prison authorities on May 30, 2014. (Dkt. No. 27 at 14.) Under the "mailbox rule," the date of filing for *pro se* prisoners is set to the date the inmate places the legal paper in the hands of prison officials for mailing. *Spotville v. Cain,* 149 F.3d 374, 376–78 (5th Cir. 1998).

2

### B. Statute of Limitations

A motion made under 28 U.S.C. § 2255 is subject to a one-year statute of limitations, which begins to run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

## IV. Analysis

### A. Timeliness

Movant filed the instant § 2255 motion on May 30, 2014—more than 3 months after the statute of limitations had expired. *See* 28 U.S.C. § 2255(f). Movant explains that he failed to file his § 2255 motion in a timely manner because "he request[ed] a Timely filed Notice of Appeal, and Counsel of record drop[ped] the ball and caused[d] Petitioner to suffer a Prejudicial effect." (Dkt. No. 27 at 13.)

Although the limitations period for § 2255 motions is not considered a jurisdictional bar, it is subject to equitable tolling "only 'in rare and exceptional cases.'" *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). The party seeking equitable tolling bears the burden of demonstrating that tolling is appropriate. *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008). To satisfy his burden, a movant must

3

show that (1) he has diligently pursued his rights, and (2) some extraordinary circumstance stood in his way. *Id.*

As a general rule in the Fifth Circuit, "[i]neffective assistance of counsel is irrelevant to the tolling decision." *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). However, a movant may be entitled to equitable tolling if he reasonably relied on misrepresentations made by his counsel. *See United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002); *see also Holland v. Florida*, 560 U.S. 631 (2010) (holding that requiring "proof of [the attorney's] bad faith, dishonesty, divided loyalty, mental impairment or so forth" in a Section 2255 petition presenting an attorney misconduct claim was too rigid a standard to impose for equitable tolling). Still, "[m]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." *Petty,* 530 F.3d at 366 (citing *Riggs*, 314 F.3d at 799).

Here, Movant does not allege that trial counsel misled him about filing an appeal or otherwise acted in bad faith; instead, he merely claims that counsel "drop[ed] the ball." (Dkt. No. 27 at 13.)

The Court finds two cases out of the Western District in Louisiana to be instructive: *United States v. Holder*, 2011 WL 2119239 (W.D. La. May 26, 2011), and *United States v. Antoine Smith*, 2000 WL 1455970 (W.D. La. Apr. 5, 2007). In both cases, the court held that an attorney's mere failure to file an appeal, and nothing more, would not warrant equitable tolling with respect to AEDPA's statute of limitations for filing a § 2255 motion alleging ineffective assistance of counsel, explaining:

> Ordinarily, an appeal must be filed within ten days after entry of the judgment. FED. R. APP. P. 4(b)(1)(A). [Petitioner] was certainly capable of checking with the Court of Appeals to determine whether an appeal had been filed. At some point within the habeas limitations period, [Petitioner]'s repeated inability to contact counsel should have compelled him to check with the Court of Appeals. Here, [Movant] did not contact the Court of Appeals until almost three months after the habeas limitations period had lapsed. [Petitioner]'s delay defeats any suggestion

4

> that he diligently pursued his habeas remedy. Accordingly, Defendant has not established that he is entitled to equitable tolling.

*Holder*, 2011 WL 2119239, at *5 (quoting *Smith*, 2000 WL 1455970, at *2) (internal citations omitted).

As in *Holder* and *Smith*, Movant was entirely capable of checking with the Fifth Circuit to determine whether an appeal had been filed on his behalf at some point in the year following his conviction and sentence, but he did not. Because Movant has presented no facts that would suggest that he has diligently pursued his rights or that some extraordinary circumstance prevented him from timely filing his § 2255 motion, he is not entitled to equitable tolling.

Accordingly, the Court concludes that Movant's failure to file his § 2255 motion within the one-year limitations period requires that the motion be denied with prejudice as time-barred.

### B. Ineffective Assistance of Counsel Claims

Although it is clear that Movant's motion is untimely, out of an abundance of caution, the Court will address his claims on the merits. As set forth above, Movant complains that his counsel rendered ineffective assistance because he failed to file timely written objections to the PSR and failed to request application of the "Fast Track Program for a four level downward departure." (Dkt. No. 27 at 5.) Movant further claims that, because of counsel's deficient performance, the Court "failed to take into account mitigating factors under 18 U.S.C. § 3553(a) . . . ." (*Id.* at 6.)

#### 1. Legal Standard

Generally, an ineffective assistance claim presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was

both deficient and prejudicial. *Id.* This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001). If the movant fails to prove one prong, it is not necessary to analyze the other. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

2. **Analysis**

    a. **Failure to File Objections to the PSR**

Movant first complains that trial counsel failed to file timely written objections to the PSR.

The record shows that on December 24, 2012, defense counsel filed Defendant's Objection to Presentence Report (Dkt. No. 16) under seal. At sentencing, the Court specifically asked Movant about these objections, including whether there were any other objections that counsel should have filed:

> THE COURT: In October you pled guilty to that offense, and then a presentence investigation report was prepared by one of our probation officers delivered to Mr. Morales. Have you had a chance to review that presentence report with him?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Okay. He filed some objections on your behalf. Do you agree with what has been filed?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Were there any objections you felt he should have filed but did not?
>
> THE DEFENDANT: No.

(Tr. 2/4/2014, Dkt. No. 33 at 2:8-19.)

Based on this record, the Court finds that this claim is meritless and does not entitle Movant to relief.

### b. Failure to Request Application of the Fast Track Program

Movant next complains that trial counsel was ineffective because he failed to argue for a four-level downward departure under the Fast Track Program.

The Victoria Division of the Southern District of Texas did not have a Fast Track Program in 2012.[3] Even if it had, Movant did not have the sole ability to determine whether to participate. As set forth in the Attorney General's Memorandum on Department Policy on Early Disposition or "Fast-Track Programs" (hereinafter "Policy Memorandum,") the Fast Track Program results from the application of prosecutorial discretion, and no defendant is automatically entitled to benefit from the program. Indeed, the opportunity to engage in such a program is initiated by the Government. *See United States v. Gomez-Herrera*, 523 F.3d 554, 561 (5th Cir. 2008); U.S.S.G. 5K3.1.[4]

Based upon the Policy Memorandum, Movant's previous felony conviction for Engaging in Organized Criminal Activity disqualified him from participation.[5] Moreover, each defendant

---

3. In January 2012, the Attorney General issued a Memorandum on Department Policy on Early Disposition or "Fast-Track Programs." http://www.justice.gov/dag/fast-track-program.pdf. That Policy Memorandum reflected a change in policy to use fast track programs in all districts and to establish uniform guidelines for the use of the policy to become effective on March 1, 2012. *Id.*

4. "Upon motion of the Government, the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides." 5K3.1. Early Disposition Programs (Policy Statement).

5. Specifically, the Government determined eligibility criteria for Illegal Reentry defendants that included:

> A. Defendant Eligibility. The United States Attorney retains the discretion to limit or deny a defendant's participation in a fast-track program based on—

7

in a Fast Track Program is required to enter into a specific plea agreement with the Government.[6] Although Movant claims he was eligible for the Fast Track Program, he did not enter into any plea agreement with the Government and does not state whether he would have been willing to do so. Movant also fails to address the application of prosecutorial discretion to exclude from consideration persons with previous violent felonies.

Because the Victoria Division did not have a Fast Track Program in 2012, and the Court could not grant such a motion by a defendant or his counsel, Movant has not shown that he was

---

> (1) The defendant's prior *violent felony convictions* (including murder, kidnapping, voluntary manslaughter, forcible sex offenses, child-sex offenses, drug trafficking, firearms offenses, or convictions which otherwise reflect a history of serious violent crime) . . . .

*Id.* at 3 (emphasis added).

6. C. Minimum Requirements for "Fast-Track" Plea Agreement. The defendant must enter into a written plea agreement that includes at least the following items—

> (1) The defendant agrees to a factual basis that accurately reflects his or her offense conduct and stipulates to the facts related to the prior conviction and removal;
>
> (2) The defendant agrees not to file any of the motions described in Rules 12(b)(3), FED. R. CRIM. P.;
>
> (3) As determined by the United States Attorney after taking into account applicable law and local district court practice and policy, the defendant agrees to waive the right to argue for a variance under 18 U.S.C. § 3553(a), and to waive appeal and the opportunity to challenge his or her conviction under 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel; and
>
> (4) The United States Attorney shall retain discretion to impose additional procedural requirements for fast-track plea agreements; specifically, the United States Attorney has discretion to require that the defendant agree to enter into a sentencing agreement pursuant to FED. R. CRIM. P. 11(c)(1)(C), and/or to waive a full pre-sentence investigation as conditions of participation.

*Id.* at 4.

prejudiced by counsel's failure to urge a downward departure on this basis. The Court finds that this claim is meritless and does not entitle Movant to relief.

### c. The Court's Failure to Take into Account Mitigating Factors under 18 U.S.C. § 3553(a)

Finally, Movant complains that the Court failed to take into account mitigating factors under 18 U.S.C. § 3553(a).

Like his complaint that trial counsel failed to file objections to the PSR, this claim is also belied by the record. At sentencing, the Court explicitly stated that it had considered these factors:

> THE COURT: Okay. Mr. Quijada, after reviewing the various bits of information provided to me in the presentence report *and applying that information to the factors that I must consider*, I believe that a guideline sentence for you would be a sufficient sentence, and it would also be an appropriate sentence, and *I think that the low end of the guidelines would achieve our sentencing objectives*. So I'm going to sentence you to 41 months.

(Tr. 2/4/2014 at 7:17-24.)

Based on this record, the Court finds that this claim is meritless and does not entitle Movant to relief.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Although Movant has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a certificate of appealability (COA). *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the

issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84).

Based on the above standards, the Court concludes that Movant is not entitled to a COA—that is, reasonable jurists could not debate the Court's resolution of his claims.

## VI. Conclusion

For the foregoing reasons, the Government's motion to dismiss (Dkt. No. 35) is **GRANTED**, and Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 27) is **DENIED**. Additionally, Movant is **DENIED** a Certificate of Appealability.

It is so **ORDERED** his 5th day of November, 2014.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE